**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CLARENCE RIVERS,
　　　　　　　Appellant,

　　　v.

OFFICE OF PERSONNEL
　　MANAGEMENT,
　　　　　　　Agency.

DOCKET NUMBER
AT-844E-23-0604-I-1

DATE:  February 20, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Clarence Rivers</u>, Orange Park, Florida, pro se.

<u>Shaquita Stockes</u> and <u>Linnette Scott</u>, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Chairman
Henry J. Kerner, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed his appeal of the reconsideration decision of the Office of Personnel Management (OPM) as untimely filed.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

On June 22, 2023, OPM issued a reconsideration decision, which denied the appellant's application for disability retirement benefits. Initial Appeal File (IAF), Tab 2 at 2-9. The reconsideration decision informed the appellant that he had 30 days either after the date of the decision or after receipt of the decision, whichever was later, to appeal to the Board. *Id.* at 9. The record shows that the appellant received OPM's decision at the U.S. post office on June 27, 2023. IAF, Tab 6 at 14-16. On August 7, 2023, the appellant filed a Board appeal of OPM's reconsideration decision and requested a hearing. IAF, Tab 1. The administrative judge issued a timeliness order that ordered the appellant to show that his initial appeal was timely filed or that good caused existed for the delay. IAF, Tab 8. On September 6, 2023, having not received a response to the timeliness order from the appellant, the administrative judge dismissed the appeal as untimely filed without good cause shown. IAF, Tab 9, Initial Decision (ID) at 1-3.

The appellant has submitted an untimely petition for review and a motion to accept the petition as timely or waive the time limit. Petition for Review (PFR) File, Tabs 1-3. The agency has not responded.

For the following reasons, we find that the appellant has not established a basis for disturbing the initial decision. In light of this determination, we do not reach the issue of the timeliness of his petition for review. To the extent he is arguing that he did not timely receive the initial decision, such an argument has no bearing on whether he demonstrated good cause for untimely filing his initial appeal. PFR File, Tab 3 at 3.

On review, the appellant also argues that he did not receive the administrative judge's timeliness order as an explanation for not responding to the administrative judge. PFR File, Tab 1 at 1-2, Tab 3 at 3. Even assuming this argument, his substantive rights have not been prejudiced because the Board is considering all relevant arguments regarding timeliness here.

With exceptions not applicable here, the deadline for filing an appeal is 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of the appellant's receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b)(1). It is undisputed that the appellant timely received the June 22, 2023 reconsideration decision. IAF, Tab 1 at 9. He has not challenged the agency's evidence showing delivery of the decision on June 27, 2023. IAF, Tab 6 at 15. Therefore, his appeal was due by July 27, 2023. *See* 5 C.F.R. § 1201.22(b)(1). Accordingly, the administrative judge correctly determined that the August 7, 2023 appeal was untimely filed by 11 days. ID at 2-3.

The Board will dismiss any untimely filed appeal unless the appellant shows good cause for the delay. 5 C.F.R. § 1201.22(c). To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented

evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his appeal. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

Despite the appellant's pro se status at the time he filed his appeal, the 11-day delay was not minimal. *Scott v. Social Security Administration*, 110 M.S.P.R. 92, ¶ 8 (2008) (finding an 11-day delay in filing was not minimal, even considering the appellant's status). Additionally, the appellant's delay in filing the appeal to procure medical evidence documentation does not warrant a waiver of the filing deadline. PFR File, Tab 3 at 3; *see Fitzhugh v. Office of Personnel Management*, 54 M.S.P.R. 522, 524 (1992). We have considered the appellant's assertion that he had problems logging onto e-Appeal that prevented him from timely filing the initial appeal. PFR File, Tab 1 at 1, Tab 3 at 3. Though we acknowledge that the appellant may have tried to contact a Board office for assistance without success, OPM's reconsideration decision provided the mailing address for the Board's Atlanta Regional Office and a copy of the Board's regulations, and he has not shown why he could not have pursued alternate means to submit his appeal, such as by facsimile or mail, before the filing deadline. IAF, Tab 2 at 9; *see* 5 C.F.R. § 1201.22(d); *see also Schuringa v. Department of Treasury*, 106 M.S.P.R. 1, ¶ 9 (2007) (determining the appellant was not excused from filing his initial appeal 4 days late even though he asserted that he contacted the Board to request an extension of time but an unspecified person at the Board allegedly informed him the Board would not grant such a request); *Moses v. Office of Personnel Management*, 11 M.S.P.R. 68, 69-70 (1982) (declining to excuse a 5-day filing delay based on a pro se appellant's inability to see an attorney or to understand his appeal rights, and him not noticing the deadline for filing a petition for review set forth in the initial decision).

We have considered the arguments the appellant raises on review, but we find that he has not established good cause for waiver of the 30-day limit for filing an initial Board appeal.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.